United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL RAMIREZ (TDCJ # 1986512), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-21-3922 |
| MARIAMMA T. VARUGHESE, *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL**

Daniel Ramirez, representing himself, has filed a prisoner's civil rights complaint under 42 U.S.C. § 1983 against Mariamma T. Varughese, Dr. Co Hai Nguyen, and Andrey Vasiljev. (Docket Entry No. 1). Varughese and Dr. Nguyen are medical providers for TDCJ. Vasiljev is a business manager for the University of Texas Medical Branch (UTMB) division that provides medical services to TDCJ. Ramirez alleges that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his complaints of severe pain from his pre-existing neuropathy. The defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry No. 12). Ramirez filed a response to the motion to dismiss. (Docket Entry No. 14). He also filed a motion for production of documents, (Docket Entry No. 9), and a motion for appointment of counsel. (Docket Entry No. 11). Having reviewed the motions, Ramirez's pleadings and its attachments, the applicable law, and all matters of record, the court grants the motion to dismiss in part and denies it in part. The court denies Ramirez's motions for production of documents and appointment of counsel at this time. The reasons for these rulings are explained below.

**I.     Background**

Ramirez is an inmate confined at TDCJ's Wayne Scott Unit. (Docket Entry No. 1, p. 3). He alleges that he suffers from severe neuropathy that is not being properly treated. (*Id.* at 14). As to Nurse Varughese, Ramirez alleges that he submitted a sick-call request to the nurse box on November 26, 2020, indicating that he was in severe pain, but Varughese ignored it. (*Id.* at 15). Ramirez alleges that he submitted another sick-call request three days later, and Varughese responded to that request but provided him with only aspirin for his pain. (*Id.*). Ramirez alleges that Varughese's actions on both occasions reflect deliberate indifference to his pain. (*Id.*)

Ramirez alleges that when he was previously confined in San Antonio, prison medical officials were treating his neuropathy pain with tramadol and gabapentin. (*Id.* at 18). But when Ramirez was transferred to the Wayne Scott Unit, Dr. Nguyen refused to continue to prescribe those medications. (*Id.* at 14). Instead, Dr. Nguyen began treating Ramirez's neuropathy pain with only Ibuprofen and Tylenol. (*Id.*). Ramirez alleges that these medications are "largely ineffective" to treat his pain and that Dr. Nguyen's refusal to provide him with more effective medications leaves him in constant severe pain. (*Id.* at 18). He alleges that Dr. Nguyen's actions reflect deliberate indifference to Ramirez's pain and constitute cruel and unusual punishment.

Ramirez filed grievances concerning the alleged lack of medical care. (*Id.* at 13, 15-18, 20-21). When TDCJ did not provide him with relief through the grievance process, Ramirez sent a letter to Vasiljev, who Ramirez identifies as a business manager for the UTMB office at the Jester IV Unit. (*Id.* at 19). In that letter, Ramirez complained that he was in severe pain and that Dr. Nguyen would not provide him with "proper help" to relieve that pain. (*Id.*) Ramirez asked Vasiljev to help him, but he did not specify what he wanted Vasiljev to do. (*Id.*). In his current

complaint, Ramirez alleges that Vasiljev's failure to respond to this letter shows deliberate indifference to his continuing severe pain.

In his complaint, Ramirez seeks "medical relief," as well as monetary damages from each defendant for his pain and suffering. (*Id.* at 4). While not entirely clear from Ramirez's allegations, he appears to sue Varughese, Dr. Nguyen, and Vasiljev in both their official and individual capacities. (*Id.*). The defendants have moved to dismiss Ramirez's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry No. 12). Ramirez filed a timely response to the motion. (Docket Entry No. 14).

## II. Legal Standards

### A. Actions Under 42 U.S.C. § 1983

Ramirez brings his claims against the defendants under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

3

### B.     Motion to Dismiss

A motion to dismiss under Rule 12(b)(1) is properly granted when the claims alleged are barred by a state's sovereign immunity. *See High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019) (per curiam) (citing *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009), and *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005)). "When a Rule 12(b)(1) challenge is raised alongside other Rule 12 challenges, the court should address the Rule 12(b)(1) issues before reaching the merits." *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A motion to dismiss under Rule 12(b)(6) is properly granted when the plaintiff's complaint fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (citation omitted). To survive a motion to dismiss, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, it must be "more than a sheer possibility," but not necessarily a probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this standard, the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

C. *Pro Se* Pleadings

Ramirez is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the plaintiff's factual allegations allow the court to reasonably infer "that the defendant is liable for the misconduct alleged." *Id.*

## III. Analysis

A. **Official Capacity Claims**

To the extent that Ramirez sues the defendants in their official capacities for money damages, his claims are barred under the doctrine of sovereign immunity. Sovereign immunity bars actions against a state or state official unless Congress has abrogated such immunity or the state has specifically waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Id.* And the State of Texas has not waived its sovereign immunity for purposes of § 1983 actions. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so."); *see also Putnam v. Iverson*, No. 14-13-00369-CV, 2014 WL 3955110, at *3 (Tex. App. − Houston [14th Dist.] Aug. 14, 2014,

pet. denied) (the Texas Legislature has not waived sovereign immunity for any claim brought under § 1983).

The fact that Ramirez has sued state employees, rather than the state itself, does not change this analysis. When a government employee is sued in his or her official capacity, the employing entity is the real party in interest for the suit. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity" (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978))). Ramirez's claims for money damages against each of the defendants in their official capacity are construed as claims against the State of Texas. Because these claims are barred by sovereign immunity, the court dismisses them with prejudice.

B.     **Individual Capacity Claims**

Ramirez alleges that each of the defendants violated his Eighth Amendment rights. The Eighth Amendment protects prisoners from cruel and unusual punishment arising from prison officials' deliberate indifference toward a prisoner's injury or pain. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To prevail on a deliberate indifference claim, the prisoner must prove that the prison medical provider acted with "deliberate indifference" to a "serious medical need" in a manner that "constitutes the unnecessary and wanton infliction of pain[.]" *Id.* at 104 (cleaned up); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (emphasizing that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment") (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1988)). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to

6

medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted).

"To show an official was deliberately indifferent, a plaintiff must demonstrate that the official is aware that an 'inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Davis v. Lumpkin*, No. 19-20873, 2022 WL 1791945, at *3 (5th Cir. June 2, 2022) (quoting *Farmer*, 511 U.S. at 847). But the deliberate indifference standard is "extremely high." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is a mental state more blameworthy than negligence, equating to recklessness under criminal law. *See Farmer*, 511 U.S. at 835-36. "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent" do not amount to deliberate indifference. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). Neither do "[u]nsuccessful medical treatment, acts of negligence, . . . medical malpractice" or "a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (footnotes omitted). Instead, to allege a viable claim for a constitutional violation based on deliberate indifference, the prisoner must allege facts that tend to show that a prison medical provider "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (cleaned up).

### 1. Claims Against Varughese

Ramirez seeks damages from Varughese because she either ignored or threw away the sick-call request he submitted on November 26, 2020, and because while she responded to his November 29, 2020, sick-call request, she provided him with only aspirin for his pain. Varughese contends that these allegations are not sufficient to state a claim for deliberate indifference.

7

To the extent that Ramirez seeks damages from Varughese based on her treatment decisions on November 29, he fails to state a claim. Ramirez does not allege that his complaints were ignored on November 29. Instead, he simply disagrees with the treatment he received. But treatment different from what a prisoner would prefer does not establish a claim for deliberate indifference. *See Estelle*, 429 U.S. at 107 (a physician's decision of what treatment to provide "is a classic example of a matter for medical judgment"); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999) (an inmate's disagreement with the type of medical treatment ultimately decided upon does not state a claim for Eighth Amendment indifference to serious medical needs); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (per curiam) (a prisoner's disagreement with his medical treatment is not actionable under § 1983). And a nurse's decision to provide only the course of treatment previously prescribed by a physician does not state a claim for deliberate indifference. *See Estate of Henson v. Krajca*, 440 F. App'x 341, 344 (5th Cir. 2011). Because Ramirez's allegations against Varughese concerning the November 29 incident are not sufficient to state a claim for deliberate indifference, his claim based on that incident is dismissed for failure to state a claim.

But Ramirez does state a claim for deliberate indifference by Varughese based on the November 26 incident. Ramirez alleges that he placed a sick-call request in the nurse's in-box on November 26, indicating that he was in severe pain. He alleges that Varughese, who was the nurse on duty that day, must have either ignored or thrown away his sick-call request because he was neither contacted nor seen by any medical provider on that date. Instead, he was not provided care of any kind until after he filed his second sick-call request on November 29. In short, he alleges that he reported severe pain to Varughese on November 26, but she ignored his complaint.

Varughese contends that this claim should be dismissed as conclusory because Ramirez offered no evidence that his sick-call request was either ignored or thrown away. But Ramirez alleges that he used the prison's established sick-call request system to alert the nurse on duty that he needed care, yet he was neither contacted nor provided with any care. At this stage of the proceedings, these allegations are sufficient to state a claim for deliberate indifference against Varughese based on her failure or refusal to respond to Ramirez's report of severe pain. *See, e.g., Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (allegation that nurse ignored complaints from an inmate suffering from severe chest pain was sufficient to state a claim for deliberate indifference); *Harris v. Hegmann*, 198 F.3d 153, 159-60 (5th Cir. 1999) (allegations that medical staff ignored an inmate's complaints of excruciating pain satisfied the deliberate indifference standard). And while records may exist that show that Varughese did not ignore Ramirez's November 26 sick-call request, those records are not before the court at this time. Varughese's motion to dismiss Ramirez's claim based on the November 26 incident is denied at this time.

### 2. Claims Against Dr. Nguyen

Ramirez seeks damages from Dr. Nguyen based on Dr. Nguyen's alleged deliberate indifference to Ramirez's continuing and severe pain. Ramirez alleges that his neuropathy pain was previously treated with tramadol and gabapentin. When Ramirez was transferred to a different TDCJ unit, Dr. Nguyen stopped prescribing these medications and started treating Ramirez's pain with Ibuprofen and Tylenol. Ramirez alleges that these medications are ineffective but that Dr. Nguyen is ignoring his complaints of continuing severe pain and has refused prescribe more effective medications.

In his motion to dismiss, Dr. Nguyen contends that Ramirez's complaint fails to state a claim because he alleges only a disagreement with the medical treatment he is receiving.

9

Treatment that differs from what a prisoner would prefer does not state a claim for deliberate indifference. *See Estelle*, 429 U.S. at 107; *Stewart*, 174 F.3d at 537; *Banuelos*, 41 F.3d at 235. But physicians are not exempt from claims of deliberate indifference, and a decision to deny treatment or to provide a wholly ineffective treatment is akin to providing the inmate with no treatment at all and can support a claim based on deliberate indifference. *See, e.g., Hegmann,* 198 F.3d at 159-60 (ignoring an inmate's complaints of excruciating pain satisfied the deliberate indifference standard); *Hudson v. McHugh*, 148 F.3d 859, 863-64 (7th Cir. 1998) (allegations that jail medical personnel ignored inmate's request for medication for his epilepsy were sufficient to state a claim for deliberate indifference); *Williams v. Vincent*, 508 F.2d 541 (2d Cir. 1974) (doctor's choosing the "easier and less efficacious treatment" of throwing away the prisoner's ear and stitching the stump may be attributable to "deliberate indifference . . . rather than an exercise of professional judgment"); *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974) (injecting penicillin with knowledge that the prisoner was allergic and then refusing to treat the allergic reaction could be deliberate indifference).

Allegations that a prison physician has caused the "unnecessary and wanton infliction of pain" can state a claim of deliberate indifference. *Hegmann*, 198 F.3d at 159 (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). At this stage of the proceedings, the court must accept Ramirez's allegations as true, and his complaint and its attachments contain facts that, viewed in the light most favorable to Ramirez, establish a plausible claim for an Eighth Amendment violation based on deliberate indifference. While records may exist showing that Dr. Nguyen is not ignoring Ramirez's complaints of continuing severe neuropathy pain, those records are not before the court at this time. Dr. Nguyen's motion to dismiss for failure to state a claim is denied at this time.

### 3. Claim Against Vasiljev

Ramirez seeks damages from Vasiljev because he allegedly ignored the letter Ramirez sent concerning the Wayne Scott Unit medical staff's alleged refusal to properly treat Ramirez's pain. It is not clear whether Ramirez believes that Vasiljev, whom he identifies as the UTMB Business Manager, is liable as a supervisor of the medical staff or based on his own actions. But Ramirez is not entitled to relief from Vasiljev on either basis.

To the extent that Ramirez seeks to hold Vasiljev liable as a supervisor, his claim fails because he does not allege a basis for supervisory liability. Under § 1983, supervisors cannot be held liable for the actions of others, including their subordinates. *See Iqbal*, 556 U.S. at 677. Personal involvement in the violation, not merely a supervisory role, is required. *See Monell*, 436 U.S. at 692; *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (a plaintiff bringing a § 1983 action must "specify the personal involvement of each defendant"). To establish the personal involvement of a supervisory official, the plaintiff must plead facts showing that the supervisor either affirmatively participated in the acts that caused the constitutional violations or implemented unconstitutional policies that causally resulted in the plaintiff's injuries. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018).

Ramirez does not allege facts in his complaint showing that Vasiljev either affirmatively participated in any act that violated Ramirez's constitutional rights or that he implemented unconstitutional policies. To the extent that Ramirez alleges that Vasiljev did not properly investigate the complaint identified in his letter, the court notes that Ramirez has no constitutional right to have complaints resolved to his satisfaction. *See Hawes v. Stephens,* 964 F.3d 412, 418 (5th Cir. 2020) (holding that "prisoners do not have a federally protected liberty interest in having

11

their grievances resolved to their satisfaction") (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)). And Ramirez alleges no facts to show that Vasiljev personally took any action or implemented any unconstitutional policies that resulted in Ramirez's alleged injuries. Ramirez's claim against Vasiljev based on supervisory liability is dismissed for failure to state a claim.

To the extent that Ramirez seeks damages from Vasiljev based on his own actions, Ramirez's claim fails because he does not allege facts establishing either personal involvement or a constitutional violation. As outlined above, to state a valid claim under § 1983, a plaintiff must allege facts showing that the defendant violated the plaintiff's constitutional rights. *See West,* 487 U.S. at 48. Ramirez alleges that Vasiljev knew that he was in pain and knew that medical staff were not responding to Ramirez's complaints. But Ramirez does not specify what actions Vasiljev, as the UTMB Business Manager, should have taken. Nor does he allege facts showing that Vasiljev had any authority to order medical treatment of any kind.

Even taking Ramirez's allegations against Vasiljev as true, those allegations do not show that Vasiljev violated any of Ramirez's constitutional rights. Ramirez's claims against Vasiljev are dismissed for failure to state a claim.

### C.     Qualified Immunity

Alternatively, the defendants contend that Ramirez's claims against them should be dismissed because they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.

*McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (per curiam). To discharge this burden, the plaintiff must show that the defendant committed a constitutional violation under current law and that the defendant's actions were objectively unreasonable in light of that clearly established law. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). If the plaintiff fails to prove either element, the defendant is entitled to immunity. *See Pearson*, 555 U.S. at 236-37.

As discussed above, Ramirez's complaint alleges facts that, if true, show that Varughese and Dr. Nguyen ignored Ramirez's complaints of continuing severe pain—actions which could be found objectively unreasonable in light of clearly established law. At this stage of the proceedings, the defendants have not established that they are protected from Ramirez's claims by qualified immunity. Their motion to dismiss on this basis is denied.

### IV. Conclusion and Order

The defendants' motion to dismiss, (Docket Entry No. 12), is **granted** as to all claims against defendant Vasiljev and as to the November 29, 2020, claim against defendant Varughese. These claims are **dismissed with prejudice** because any attempt to amend to state a claim is futile. The motion to dismiss is **denied** as to all claims against defendant Dr. Nguyen and as to the November 26, 2020, claim against defendant Varughese. Defendants Nguyen and Varughese shall answer the complaint or file a dispositive motion **within 60 days** from the date of this order.

Ramirez's motion for production of documents, (Docket Entry No. 9), and motion for appointment of counsel, (Docket Entry No. 11), are **denied at this time**. The court will reconsider these motions after the defendants have answered the complaint.

SIGNED on June 21, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge