United States District Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIEL RAMIREZ § | |
| (TDCJ # 1986512), § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-21-3922 |
| § | |
| MARIAMMA T. VARUGHESE, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Daniel Ramirez, representing himself and proceeding without prepaying the filing fee, filed a prisoner's civil rights complaint under 42 U.S.C. § 1983 against Nurse Mariamma T. Varughese, Dr. Co Hai Nguyen, and University of Texas Medical Branch Business Manager Andrey Vasiljev, alleging that they violated his Eighth Amendment rights by being deliberately indifferent to his complaints of severe pain from his pre-existing neuropathy. (Docket Entry No. 1). The court dismissed Ramirez's claims for damages against the defendants in their official capacities, dismissed all claims against Business Manager Vasiljev, and partially dismissed the claims against Nurse Varughese. (Docket Entry No. 16). Nurse Varughese and Dr. Nguyen answered Ramirez's complaint, (Docket Entry No. 20), and then filed a motion for summary judgment, together with extensive exhibits. (Docket Entry No. 35). Ramirez filed a response to the motion for summary judgment. (Docket Entry No. 39). Having reviewed the motion and its exhibits, Ramirez's response, the applicable law, and the record, the court grants the motion for summary judgment and dismisses this action. The reasons for this ruling are explained below.

**I.      Background**

Ramirez is an inmate confined as a psychiatric inpatient at TDCJ's Wayne Scott Unit. (Docket Entry No. 35-1, p. 3). Ramirez alleges that, among other things, he suffers from severe neuropathic pain in his hands and feet that is being ignored. (Docket Entry No. 1, p. 14). As to Nurse Varughese, Ramirez alleges that he submitted a sick-call request on November 26, 2020, indicating that he was in severe pain, but Nurse Varughese ignored it. (*Id.* at 15). Ramirez alleges that Nurse Varughese responded to a separate request he submitted on November 29, 2020, but she gave him only aspirin for his pain. (*Id.*). Ramirez alleges that Nurse Varughese's actions reflect deliberate indifference to his pain. (*Id.*)

As to Dr. Nguyen, Ramirez alleges that he is deliberately indifferent to Ramirez's ongoing severe pain. Ramirez alleges that the physicians at his prior TDCJ unit treated his neuropathic pain with tramadol and gabapentin. (*Id.* at 18). Ramirez alleges that when he was transferred to the Wayne Scott Unit, Dr. Nguyen refused to continue to prescribe those medications. (*Id.* at 14). Instead, Dr. Nguyen began treating Ramirez's neuropathic pain with only Ibuprofen and Tylenol. (*Id.*). Ramirez alleges that these medications are "largely ineffective" to treat his pain and that Dr. Nguyen's refusal to provide him with more effective medications leaves him in constant severe pain. (*Id.* at 18). He alleges that Dr. Nguyen's actions reflect deliberate indifference to Ramirez's pain and constitute cruel and unusual punishment.

Ramirez seeks "medical relief" as well as money damages to compensate him for his pain and suffering and punitive damages from both Nurse Varughese and Dr. Nguyen in their official and individual capacities. (Docket Entry No. 1, p. 4). The court previously dismissed the damages claims against Nurse Varughese and Dr. Nguyen in their official capacities. (Docket Entry No. 16). The court also dismissed the claim against Nurse Varughese in her individual capacity based

on the November 29, 2020, incident. (*Id.*). Nurse Varughese and Dr. Nguyen have now moved for summary judgment on the remaining claims. (Docket Entry No. 35). They have attached the affidavit of Glenda M. Adams, M.D., M.P.H., and excerpts of Ramirez's extensive medical records in support of their motion.[1] (Docket Entry Nos. 35-1, 35-2, 35-3, 35-4, 35-5, 35-6). Ramirez filed a timely response to the motion. (Docket Entry No. 39).

## II. Legal Standards

### A. Actions Under 42 U.S.C. § 1983

Ramirez sues the defendants under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

### B. Motion for Summary Judgment

Nurse Varughese and Dr. Nguyen have moved for summary judgment. "Summary judgment is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton,* 572

---

[1] These excerpts cover the period from August 1, 2015, through April 1, 2022. (Docket Entry No. 35-1, p. 4).

3

U.S. 650, 656-57 (2014) (quoting FED. R. CIV. P. 56(a)). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine [dispute] of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.,* 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25 (1986)). "A fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010)). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

If the moving party satisfies its burden to show no genuine dispute of material fact, the burden shifts to the nonmoving party to show that the motion should not be granted. *See Edwards v. Continental Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016). To meet this burden, "the nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Id.* (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). In addition, Federal Rule of Civil Procedure 56 does not require the district court to sift through the record in search of evidence to support the nonmoving party's position. *See Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam). Instead, the nonmoving party must identify specific evidence in the record and clearly explain how that evidence supports his or her claim. *Id.* When reviewing this evidence, the court must "resolve factual controversies in favor of the nonmoving party." *Little*, 37 F.3d at 1075. But an actual controversy exists only "when both parties have submitted

evidence of contradictory facts." *Id.* "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### C. *Pro Se* Pleadings

Ramirez is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. Analysis

### A. Claims for Damages

Ramirez seeks money damages based on his claims that Nurse Varughese and Dr. Nguyen violated his Eighth Amendment rights by refusing to provide him with proper treatment for his on-going neuropathic pain.

The Eighth Amendment protects prisoners from cruel and unusual punishment arising from prison officials' deliberate indifference toward a prisoner's injury or pain. *See Estelle*, 429 U.S.

at 105. To prevail on a deliberate indifference claim, the prisoner must prove that the prison medical provider acted with "deliberate indifference" to a "serious medical need" in a manner that "constitutes the unnecessary and wanton infliction of pain[.]" *Id.* at 104 (cleaned up); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (emphasizing that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment") (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1988)). "To show an official was deliberately indifferent, a plaintiff must demonstrate that the official is aware that an 'inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (quoting *Farmer*, 511 U.S. at 847). But the deliberate indifference standard is "extremely high." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). "Deliberate indifference is more than mere negligence or even gross negligence." *Brown v. Callahan,* 623 F.3d 249, 255 (5th Cir. 2010). "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent" do not amount to deliberate indifference. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). Neither do "[u]nsuccessful medical treatment, acts of negligence, . . . medical malpractice" or "a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (cleaned up). Instead, to obtain relief for a constitutional violation based on deliberate indifference, the prisoner must show that the prison medical provider "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (cleaned up).

### 1. The Claims Against Nurse Varughese

Ramirez alleges that Nurse Varughese was deliberately indifferent to his serious medical needs when she either ignored or threw away the sick-call request he submitted on November 26,

in which he complained of severe pain. He alleges that he was provided with care only after he submitted a second sick-call request on November 29.

In the motion for summary judgment, Nurse Varughese points out that the summary judgment evidence does not show that Ramirez submitted a sick-call request on November 26. (Docket Entry No. 35-1, pp. 20-21). There is also no evidence that Nurse Varughese was working on Ramirez's unit on that date, which was Thanksgiving Day. (*Id.*). But even if Ramirez submitted a sick-call request on November 26 that Nurse Varughese ignored, there is no dispute that Nurse Varughese saw Ramirez on November 29 and provided him with treatment on that date. She contends that these facts do not establish deliberate indifference.

Delays in medical treatment are unconstitutional only if they result from a prison official's deliberate indifference and cause "substantial harm." *See, e.g., Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006) (per curiam). Whether a particular delay rises to the level of deliberate indifference depends, at least in part, on the nature of the complaint and the risk of ensuing harm. *Compare Easter*, 467 F.3d at 463-65 (a four-hour delay in treating severe chest pain in an inmate with a diagnosed heart condition supported a claim for deliberate indifference); *and Galvan v. Calhoun County*, 719 F. App'x 372, 375 (5th Cir. 2018) (per curiam) (a three-day delay in treating an inmate's severe stomach pain stated a claim for deliberate indifference); *with Haddix v. Kerss,* 203 F. App'x 551, 553 (5th Cir. 2006) (per curiam) (no deliberate indifference was shown in the denials and delays in providing pain medication for preexisting back and shoulder pain); *Weddle v. Collins,* 53 F.3d 1281, 1995 WL 295932 (5th Cir. 1995) (per curiam) (a two-month delay in receiving pain medication for an elbow injury was not sufficient to show deliberate indifference); *and Tobias v. Brown*, No. H-17-1757, 2019 WL 5788135, at *4-5 (S.D. Tex. Nov. 6, 2019) (a three-day delay in receiving regularly prescribed medications that did not result in significant harm

7

did not constitute deliberate indifference). An inmate's continuing pain from a preexisting condition, standing alone, "does not . . . demonstrate that a constitutional violation occurred." *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

Ramirez alleges that he did not receive any treatment for his preexisting neuropathic pain for the three days between November 26 and November 29. But his pain was not life-threatening, nor did it create an excessive risk to his overall health. Ramirez identifies no significant harm that resulted from the delay in responding to his sick-call request other than continuing pain from an ongoing condition. More importantly, his medical records show that he received all of his prescribed medications, including his daily pain medications, during those three days.

Ramirez has failed to point to evidence sufficient to give rise to genuine dispute of fact material to the question of whether the delay in getting additional pain medication rises to the level of a constitutional violation. It does not. Nurse Varughese is entitled to summary judgment in her favor on this claim.

### 2. Claims Against Dr. Nguyen

Ramirez seeks damages from Dr. Nguyen based on his alleged deliberate indifference to Ramirez's continuing and severe pain. There is no dispute that Ramirez suffers from neuropathic pain. He alleges that he was treated with tramadol and gabapentin at his prior TDCJ Unit. Ramirez alleges that when he was transferred to the Wayne Scott Unit and came under Dr. Nguyen's care, Dr. Nguyen stopped prescribing these medications and started treating Ramirez's pain with only Ibuprofen and Tylenol. Ramirez alleges that these medications are ineffective but that Dr. Nguyen is ignoring his complaints of continuing severe pain and has refused to prescribe more effective medications.

In support of his motion for summary judgment, Dr. Nguyen filed the affidavit of Glenda Adams, M.D., who reviewed Ramirez's complete medical records. (Docket Entry No. 35-1, pp. 2-25). Dr. Nguyen has also filed extensive excerpts of Ramirez's lengthy medical records. (Docket Entry Nos. 35-1, pp. 29-145; 35-2; 35-3; 35-4; 35-5; 35-6). Dr. Adams reports, and the medical records confirm, that Ramirez "suffers from chronic pain from both polyarthritis and neuropathy with overlay and probable increased pain symptoms due to his mental illness." (Docket Entry No. 35-1, p. 23). The medical records show that Ramirez is currently being treated for his pain with daily doses of venlafaxine/Effexor, which is formulated to address both his chronic arthritic and his neuropathic pain. (*Id.* at 22). When Ramirez previously complained that the venlafaxine/Effexor was no longer effective, Dr. Nguyen changed his prescription to duloxetine/Cymbalta. (*Id.* at 12). However, when Ramirez complained of the side effects of that medication, Dr. Nguyen changed him back to venlafaxine/Effexor. (*Id.* at 14). In addition, Dr. Nguyen has continuously prescribed both arthritis-strength Tylenol and meloxicam/Mobic to be provided as needed to control any breakthrough pain Ramirez may have. (*Id.* at 22).

Dr. Adams notes that "Ramirez's treatment for chronic pain is complicated by his multiple medication allergies, his complex HIV and psychiatric medication regimens, potential drug-drug interactions, and his longstanding liver enzyme abnormalities. These factors markedly limit the types and dosages of medications he can be prescribed." (*Id.* at 23). The records show that Dr. Nguyen has consulted with Ramirez's psychiatrists and the HIV clinic on multiple occasions to develop a plan to manage the chronic pain he suffers from multiple medical and psychiatric conditions. (*Id.* at 22). Despite these efforts, the records show that Ramirez often refuses to take the prescribed medications for his breakthrough pain, and he has refused to undergo the laboratory studies and other tests recommended by Dr. Nguyen. (*Id.* at 22-23).

Dr. Adams also specifically addresses Ramirez's claim that he should be treated with a combination of tramadol and gabapentin:

> [Ramirez] has reported that prior to his incarceration tramadol/Ultram and gabapentin/Neurontin were effective in treating his pain. But tramadol is an opioid narcotic with significant abuse and addiction potential and Mr. Ramirez has reported that he has a history of serious drug abuse. Also, Mr. Ramirez has reported, and his medical record contains documentation, that he is allergic to 'opioid analgesics.' Finally, current standards of care, including those promulgated by the Texas Medical Board, limit the long-term use of opioid narcotics for non-cancer pain. Gabapentin/Neurontin is an antiseizure medication sometimes prescribed to treat certain types of chronic neuropathic pain. However, gabapentin/Neurontin is not available on the CMHC formulary as the CMHC Pharmacy and Therapeutics Committee's Guideline for treatment of Neuropathic Pain advises that 'A recent systemic review published by the American Academy of Neurology . . . found gabapentin to be ineffective and reports of gabapentin drug abuse in the literature are increasing. Disadvantages of gabapentin include lack of efficacy, relative cost, multiple daily dosing, and abuse potential. Its use should be avoided.' Also, gabapentin/Neurontin can cause 'depression, aggressive behavior, and suicidal ideation,' and is contraindicated in patients with Mr. Ramirez's extensive mental health history of suicide attempts.

(*Id.* at 23-24).

The summary judgment evidence does not support Ramirez's claim that Dr. Nguyen either ignored his complaints of pain or refused to treat him. Instead, it shows that Dr. Nguyen listened to Ramirez's complaints, considered his multiple conditions, prescribed the medications necessary to maximize the benefits for all of the conditions, and adjusted the medication doses and dosage schedules as needed in response to Ramirez's complaints. The medical records contradict Ramirez's allegation that his pain is being treated with only Ibuprofen and Tylenol. And while Ramirez alleges that Dr. Nguyen should have prescribed different medications, treatment that differs from what a prisoner would prefer does not state a claim for deliberate indifference. *See Estelle*, 429 U.S. at 107 (a physician's decision of what treatment to provide "is a classic example of a matter for medical judgment"); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999) (an inmate's disagreement with the type of medical treatment ultimately decided upon does not state

a claim for Eighth Amendment indifference to serious medical needs); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs.").

The medical records filed by Dr. Nguyen show that Ramirez's complaints of pain were not ignored, and they rebut Ramirez's allegations of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Ramirez submitted no rebuttal evidence with his response to the motion, and he fails to point to any evidence sufficient to show a genuine dispute of fact material to the question of whether Dr. Nguyen was deliberately indifferent to Ramirez's complaints of pain. He was not. Dr. Nguyen is entitled to summary judgment in his favor on this claim.

### 3. Qualified Immunity

Alternatively, Nurse Varughese and Dr. Nguyen assert that Ramirez's claims against them should be dismissed because they are entitled to qualified immunity. The doctrine of qualified immunity affords prison officials protection from individual liability for damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (per curiam). To satisfy this burden, the plaintiff must show that the defendant violated the plaintiff's constitutional right existing under clearly established law and that the defendant's actions were objectively unreasonable in light of that

clearly established law. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999). If the plaintiff fails to prove either element, the defendant is entitled to immunity. *See Pearson*, 555 U.S. at 236-37.

As discussed above, the summary judgment evidence reveals no genuine dispute of fact material to the question of whether either Nurse Varughese or Dr. Nguyen violated Ramirez's rights under the Eighth Amendment. Because the undisputed evidence does not show a constitutional violation, the defendants are protected by qualified immunity. Their motion for summary judgment on this basis is granted.

### B. Claims for Injunctive Relief

To the extent that Ramirez asks this court to order "medical relief," he appears to be asking for an injunction to require the defendants to provide the medications he wants. A prisoner seeking permanent injunctive relief must show (1) that he has succeeded or will succeed on the merits on his claims; (2) that failing to grant the injunction will result in irreparable injury; (3) that the injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest. *See Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021). In addition, because Ramirez is seeking relief from state officials, he must show that there is an ongoing violation of federal law. *Id.* The burden of proving entitlement to injunctive relief is on the party seeking the injunction. *Id.*

To be entitled to an injunction, Ramirez must show that one or both defendants are currently violating his Eighth Amendment rights. *See, e.g., Helling v. McKinney*, 509 U.S, 25, 35-37 (1993), *Ball v. LeBlanc*, 792 F.3d 584, 598 (5th Cir. 2015). But as discussed above, the summary judgment evidence does not show that either defendant has violated or is violating Ramirez's rights. Because Ramirez points to no evidence sufficient to show a dispute of fact material to the issue of whether the defendants have violated his Eighth Amendment rights, he is

not entitled to the issuance of an injunction. The defendants' motion for summary judgment on this claim is granted.

IV.     **Conclusion and Order**

The defendants' motion for summary judgment, (Docket Entry No. 35), is granted and this action is dismissed with prejudice. Any and all pending motions, including Ramirez's "Motion to Block Defendants' Motion for Summary Judgment," (Docket Entry No. 39), are denied as moot.

SIGNED on February 16, 2023, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge